IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| LAURA VERA<br>    Plaintiff,<br><br>v.<br>FRANK M. ZUCCARELLI, individually,<br>SOUTH SUBURBAN COLLEGE OF<br>COOK COUNTY, a unit of local<br>Government, GEORGE DAMMER,<br>individually, and THORNTON<br>TOWNSHIP DEMOCRATIC<br>ORGANIZATION,<br><br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No.<br><br>Judge<br><br>Magistrate Judge |

**COMPLAINT AT LAW**

NOW COMES the Plaintiff, LAURA VERA, by and through her attorneys, ANDREOU & CASSON, LTD., and complaining of the Defendants, FRANK M. ZUCCARELLI, individually, SOUTH SUBURBAN COLLEGE OF COOK COUNTY, a unit of local government, GEORGE DAMMER, individually, and the THORNTON TOWNSHIP DEMOCRATIC ORGANIZATION, states as follows:

**INTRODUCTION**

The Plaintiff, LAURA VERA, and all similarly situated employees of South Suburban College of Cook County, seeks redress for actions taken against her by the Defendants related to her exercise of her rights under the 1st and 14th Amendments to the U.S. Constitution and Article I, Section 2 of the Illinois Constitution with respect to speech and association. The Plaintiff was damaged as a result of being terminated without cause, unable to return to her former position guaranteed to her by law, based on

1

unwillingness to provide the Defendants with political labor while on her personal and professional time.

## JURISDICTION AND VENUE

The jurisdiction of this Court is invoked pursuant to the Civil Rights Act, 42 U.S.C. §1983 and §1985, and 28 U.S.C. §1331 and §1343(a). Supplemental jurisdiction for the Plaintifføs state law claims arise pursuant to 28 U.S.C. §1367(a). Venue of this Complaint has been properly laid in the Northern District of Illinois, Eastern Division, as upon information and belief, all parties to this complaint are citizens of the State of Illinois. All of the actions alleged herein occurred within the County of Cook, State of Illinois, all of which lie within the Northern District of Illinois. Declaratory relief is sought under 28 U.S.C. §2201 and §2002.

## PARTIES

1. The Plaintiff, LAURA VERA, is former employee of South Suburban College of Cook County (hereinafter referred to as õthe Collegeö). She is a resident of Will County, Illinois.

2. Defendant South Suburban College of Cook County (hereinafter referred to as õthe Collegeö) is a community college district within the State of Illinois and incorporated under the laws of the State of Illinois.

3. Defendant George Dammer is the President of the College and all material times was responsible for the hiring, firing and discipline of employees of the College.

4. At all relevant times, Defendant South Suburban College of Cook County has been continuously engaged in an industry affecting commerce.

5. Defendant Thornton Township Democratic Organization (hereinafter referred to as "Township") is a political organization operated and controlled by Defendant Frank M. ZUCCARELLI and its principal place of business is located in Cook County, Illinois.

6. At all relevant times, the Township has been continuously engaged in an industry affecting commerce.

7. At all times relevant to this complaint and currently Frank M. ZUCCARELLI ("ZUCCARELLI") served in the positions of Thornton Township Committeeman and Chairman of the Board of Directors for the College.

## FACTS COMMON TO ALL COUNTS

8. The Plaintiff was hired in 1997 and rose to the position of Director of Publications.

9. The Plaintiff received consistently high marks for her performance, was never disciplined and otherwise met the reasonable expectations of her employer.

10. During her employment the Plaintiff was also assigned marketing duties for the College and acted as the College's affirmative action officer.

11. In March, 2010, the Plaintiff was terminated by the College.

12. The Plaintiff was terminated from her position at the College not because of her performance or any other legitimate business reason of the employer.

13. In January, 2010 the Plaintiff was summoned to the offices of the Thornton Township Democratic Organization by ZUCCARELLI.

14. Defendant ZUCCARELLI was and is currently the Democratic committeeman for Thornton Township.

15. Defendant ZUCCARELLI also serves as the paid and elected Thornton Township Supervisor.

16. Defendant ZUCCARELLI also serves as a paid employee of the Cook County Recorder of Deeds office.

17. Defendant ZUCCARELLI also serves as a paid panel member for the Cook County Employee Appeals Board.

18. Defendant ZUCCARELLI also served and currently serves as the Chairman of the Board of Directors for the College.

19. ZUCCARELLI is responsible for the implementation and creation of policies, rules and regulations for the College, including employment, hiring and firing, among other things.

20. The Plaintiff moved out of ZUCCARELLI's political district and told her supervisors and ZUCCARELLI between 2007 and 2010 that she did not want to do political work and that her health prevented her from walking precincts.

21. After she complained, she was terminated.

22. During the January, 2010 conversation, ZUCCARELLI stated that he was unhappy about the Plaintiff's move to Mokena, Illinois, that his political base was slipping and that all of the African American mayors were sticking together to oppose him.

23. The Plaintiff was further told by ZUCCARELLI that he was very disappointed in her, that she (the Plaintiff) has not been showing up for all of the political events

and donating her time as he expects, and that she needed to walk precincts door-to-door.

24. The Plaintiff was also told by ZUCCARELLI that if she wanted to keep her job at the College that she had to "do politics".

25. On March 16, 2010, the Plaintiff again spoke with ZUCCARELLI.

26. ZUCCARELLI stated to the Plaintiff that, "you're stupid, you were supposed to come back with your tail between your legs" and that she was "just supposed to shut up."

27. Performing political work was an illegal term and condition of the Plaintiff's employment with the College, and the requirements were strictly enforced by Defendant ZUCCARELLI.

28. Doing political work was not a bona fide qualification for her position with the College.

29. In association with ZUCCARELLI, Dammer acquiesced in the termination of the Plaintiff with actual knowledge that the termination was based upon her refusal to perform political work for ZUCCARELLI and knowing that the termination was in violation of state and federal law.

30. Defendants College, Dammer, ZUCCARELLI and Township have established a longstanding policy, practice and procedure of retaliation against employees based on the expression of contrary political views and have done so with actual knowledge that such policies violated both the Illinois and U.S. Constitutions.

31. The Individual Defendants are final policy makers for the purposes of the 1st Amendment to the U.S. Constitution and Article 1, Section 2 of the Illinois Constitution.

## COUNT I

## §1983 FIRST AMENDMENT SPEECH AND ASSOCIATION

### (v. All Defendants)

32. Plaintiff restates and realleges by reference paragraphs 1 through 29 above as though fully set forth herein.

33. Plaintiff engaged in constitutionally protected speech and association under the First Amendment of the U.S. Constitution and Article 2 of the Illinois Constitution by refusing to engage in political activity for the benefit of ZUCCARELLI while employed by the College.

34. The Plaintiff's actions did not adversely affect the efficient administration of public service and was not an essential function of her job duties.

35. The Plaintiff had a right not to engage in political activity and could not be compelled to do so as a condition of her employment.

36. After the Plaintiff's associations and statements became known, the Defendants took adverse employment action against the Plaintiff in the form of termination.

37. At the time of the termination of the Plaintiff the Defendants either expressly or by acquiescence, adopted a custom or practice of allowing its various employees to make human resource management decisions based upon an employee's exercise of free speech and association and otherwise required employees of the

College to contribute money, perform political work and profess political allegiance to ZUCCARELLI as a condition of employment at the College.

38. The Defendants adopted an illegal policy of retribution against employees who openly opposed the Defendants' policies based on the exercise of constitutionally protected rights.

39. The Defendants affected its policy and custom by employing tactics of discipline, demotion and termination against employees of the College.

40. The Plaintiff's speech and political associations were the reasons that the Defendants relied on when they terminated the Plaintiff.

41. Defendant Township and ZUCCARELLI specifically ordered and demanded the termination of the Plaintiff from her position with the College and were personally responsible for terminating the Plaintiff with knowledge that such a termination was contrary to law.

42. The College knew of and acquiesced in Defendant Township and ZUCCARELLI's scheme to terminate the Plaintiff and did nothing to stop them. At all times relevant to this Complaint, the College acted in concert with Defendants Township and ZUCCARELLI.

43. The Defendants to this Count took adverse employment action against the Plaintiff's employment under color of state law.

44. The termination of the Plaintiff by the Defendants to this Count violated the Plaintiff's rights of free speech and association secured to her by the First Amendment to the Constitution of the United States and Article 2 of the Illinois Constitution.

45. The violation of the Plaintiff's constitutional rights by the Defendants to this Count has caused the Plaintiff harm, damages, lost wages and employment benefits, pain and suffering, emotional distress, embarrassment, humiliation and financial crisis.

46. The Defendants have engaged in a policy, pattern and practice of retaliating against employees who seek to freely associate with political parties and to disassociate with political parties.

47. The Defendants have taken similar actions against employees of the College who have opposed the elected administration and have been terminated, suspended, or disciplined.

48. The Defendants violated the Plaintiff's right to freedom of speech under the First Amendment.

49. Defendants intentionally subjected Plaintiff to unequal and discriminatory treatment by retaliating against her.

50. The actions of the Defendants were intentional, willful, and malicious and/or in deliberate indifference for Plaintiff's rights.

WHEREFORE, the Plaintiff respectfully requests:

a. All wages and benefits, back pay, front pay and future pecuniary damages, injury, mental anguish and distress, and financial hardship Plaintiff would have received but for the retaliation and discrimination, including pre-judgment interest;

b. An order be entered reinstating the Plaintiff to her former position;

c. Compensatory damages in an amount to be determined at trial to compensate the plaintiff for injuries and losses caused by Defendants' conduct;

d. Defendants be required to pay prejudgment interest to Plaintiff on these damages;

e. A declaratory judgment that Defendants' actions violate the First and Fourteenth Amendments to the United States Constitution;

f. The Court retain jurisdiction of this case until such time as it is assured that the Defendants have remedied the policies and practices complained of herein and are determined to be in full compliance with the law;

g. Punitive damages as allowed by law as against Defendant ZUCCARELLI and THORNTON TOWNSHIP DEMOCRATIC ORGANIZATION;

h. An award of reasonable attorneys' fees, costs, and litigation expenses; and

i. Such other relief as the Court may deem just or equitable.

## COUNT II

### §1983 FIRST AMENDMENT SPEECH AND ASSOCIATION-Monell
(v. College and Township)

51. Plaintiff restates and realleges by reference paragraphs 1 through 29 above as though fully set forth herein.

52. Plaintiff engaged in constitutionally protected speech and association under the First Amendment of the U.S. Constitution.

53. The Plaintiff's speech did not adversely affect the efficient administration of public service and was not an essential function of his job duties.

54. The Plaintiff's speech was not an expression of a personal matter.

55. After the Plaintiff's associations and statements became known, the Defendant took adverse employment action against the Plaintiff in the form of demotion without being returned to his former position as required by law.

56. At the time of the demotion of the Plaintiff the Defendant either expressly or by acquiescence, adopted a custom or practice of allowing its various employees to make human resource management decisions based upon an employee's exercise of free speech.

57. The Defendant adopted an illegal policy of retribution against employees who refused to do political work to maintain their employment.

58. The Defendant affected its policy and custom by employing tactics of discipline, demotion and termination against employees of the College.

59. The Plaintiff's speech and political associations were the reasons that the Defendant relied on when it terminated the Plaintiff.

60. The Defendants to this Count took adverse employment action against the Plaintiff's employment under color of state law.

61. The demotion of the Plaintiff by the Defendant to this Count violated the Plaintiff's rights of free speech and association secured to her by the First Amendment to the Constitution of the United States.

62. The violation of the Plaintiff's constitutional rights by the Defendant to this Count has caused the Plaintiff harm, damages, lost wages and employment benefits, pain and suffering, emotional distress, embarrassment, humiliation and financial crisis.

63. The Defendant has engaged in a policy, pattern and practice of retaliating against employees who speak publicly regarding matters of public concern.

64. The Defendant has taken similar actions against employees of the College who have opposed the elected administration and have terminated, suspended, demoted, refused to promote, surveilled and harassed those individuals.

65. The Defendants violated the Plaintiff's right to freedom of speech and association under the First Amendment secured by the First and Fourteenth Amendment to the United States Constitution.

66. Defendants intentionally subjected Plaintiff to unequal and discriminatory treatment by retaliating against her.

67. The statements made by Plaintiff addressed constitutionally protected matters of public concern.

68. The actions of Defendant in intentionally engaging in discrimination and retaliation against the Plaintiff has caused her great mental anguish, humiliation, physical and emotional pain and suffering, inconvenience, lost wages and benefits, future pecuniary losses, and other consequential damages.

69. The actions of the Defendant were intentional, willful, and malicious and/or in deliberate indifference for Plaintiff's rights as secured under the First and Fourteenth Amendment to the United States Constitution.

WHEREFORE, the Plaintiff respectfully requests:

a. All wages and benefits, back pay, front pay and future pecuniary damages, injury, mental anguish and distress, and financial hardship Plaintiff would have received but for the retaliation and discrimination, including pre-judgment interest;

b. An order be entered reinstating the Plaintiff to her former position;

c. Compensatory damages in an amount to be determined at trial to compensate the plaintiff for injuries and losses caused by Defendants' conduct;

d. Defendants be required to pay prejudgment interest to Plaintiff on these damages;

e. A declaratory judgment that Defendants' actions violate the First and Fourteenth Amendments to the United States Constitution;

f. The Court retain jurisdiction of this case until such time as it is assured that the Defendants have remedied the policies and practices complained of herein and are determined to be in full compliance with the law;

g. An award of reasonable attorneys' fees, costs, and litigation expenses; and

h. Such other relief as the Court may deem just or equitable.

### COUNT III
### ILLINOIS CONSTITUTION
### (v. all Defendants)

70. Plaintiff restates and realleges by reference paragraphs 1 through 29 above as though fully set forth herein.

71. Plaintiff engaged in constitutionally protected speech and association under the Article I, Section 2 of the Illinois Constitution when she refused to actively support ZUCCARELLI by doing political work while she was employed by the College.

72. The Plaintiff's speech did not adversely affect the efficient administration of public service and was not an essential function of her job duties.

73. The Plaintiff's speech was not an expression of a personal matter.

74. After the Plaintiff's associations and statements became known, the Defendants took adverse employment action against the Plaintiff in the form of termination.

12

75. At the time of the termination of the Plaintiff the Defendants either expressly or by acquiescence, adopted a custom or practice of allowing its various employees to make human resource management decisions based upon an employee's exercise of free speech.

76. The Defendants adopted an illegal policy of retribution against College employees who openly opposed the Defendants' political demands based on the exercise of constitutionally protected rights.

77. The Defendants affected its policy and custom by employing tactics of discipline, demotion and termination against employees of the College.

78. The Plaintiff's speech and political associations was the reason that the Defendants relied on when they terminated the Plaintiff.

79. Defendant ZUCCARELLI specifically ordered and demanded the removal of the Plaintiff from her position with the College and was personally responsible for terminating the Plaintiff with knowledge that such a termination was contrary to law.

80. The Defendants to this Count took adverse employment action against the Plaintiff's employment under color of state law.

81. The demotion of the Plaintiff by the Defendants to this Count violated the Plaintiff's rights of free speech and association secured to her by Article I, Section 2 of the Constitution of the State of Illinois.

82. The violation of the Plaintiff's constitutional rights by the Defendants to this Count has caused the Plaintiff harm, damages, lost wages and employment

benefits, pain and suffering, emotional distress, embarrassment, humiliation and financial crisis.

83. The Defendants have engaged in a policy, pattern and practice of retaliating against employees who speak publicly regarding matters of public concern.

84. The Defendants have taken similar actions against employees of the College who have opposed the elected administration and have terminated, suspended, demoted, refused to promote, and harassed those individuals.

85. The Defendants violated the Plaintiff's right to freedom of speech under Article 1, Section 2 of the Illinois Constitution.

86. The actions of the Defendants were intentional, willful, and malicious and/or in deliberate indifference for Plaintiff's rights as secured under Article I, Section 2 of the Illinois Constitution.

WHEREFORE, the Plaintiff respectfully requests:

   a. All wages and benefits, back pay, front pay and future pecuniary damages, injury, mental anguish and distress, and financial hardship Plaintiff would have received but for the retaliation and discrimination, including pre-judgment interest;

   b. An order be entered reinstating the Plaintiff to her former position with the College;

   c. Compensatory damages in an amount to be determined at trial to compensate the plaintiff for injuries and losses caused by Defendants' conduct;

    d. Defendants be required to pay prejudgment interest to Plaintiff on these damages;

    e. A declaratory judgment that Defendants' actions violate Article I, Section 2 of the Illinois Constitution;

    f. The Court retain jurisdiction of this case until such time as it is assured that the Defendants have remedied the policies and practices complained of herein and are determined to be in full compliance with the law;

    g. Punitive damages as allowed by law as against Defendants Township and ZUCCARELLI;

    h. An award of reasonable attorneys' fees, costs, and litigation expenses; and

    i. Such other relief as the Court may deem just or equitable.

## COUNT IV

## DECLARATORY JUDGMENT RELIEF

87. Plaintiff restates and realleges by reference paragraphs 1 through 29 above as though fully set forth herein.

88. The Defendant, COLLEGE, has engaged in a deliberate and intentional pattern and practice of political retaliation in violation of the First Amendment to U.S. Constitution and Shakman v. Democratic Organization of Cook County, 69 C 2145.

89. The Defendants engaged in an unconstitutional infringement of the Plaintiff's and other similarly situated employees of the College to free political expression, political association in advancement of their political beliefs and in equal

15

participation in electoral process by employing and burdening citizens with their patronage hiring practices.

90. The Defendants intentionally and purposefully discriminated against those voters and employees of the College and favored only those who favored or supported the Defendants.

91. The Defendantsø patronage system imposed a substantial burden on those who did not want to support the Defendants political goals.

WHEREFORE, the Plaintiff prays that this Court enter judgment in favor of the Plaintiff and issue a permanent injunction prohibiting the Defendants from coercing employees to work for them in political campaigns and for all other relief in the premises.

## DEMAND FOR JURY TRIAL

The Plaintiff hereby demands a jury trial on all issues.

                                      Respectfully Submitted,

                                      ANDREOU & CASSON, LTD.

                                      By: */s/Luke A. Casson*
                                              LUKE A. CASSON
                                              Attorney for the Plaintiff

Luke A. Casson
ANDREOU & CASSON, LTD.
661 West Lake Street, Suite 2N
Chicago, Illinois 60661
(312) 935-2000/ (312) 935-2001