UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LAURA VERA, | ) |
| Plaintiff, | ) |
| | ) No. 10 C 7001 |
| v. | ) |
| | ) Senior U. S. District Court Judge |
| FRANK M. ZUCCARELLI, et al., | ) George W. Lindberg |
| Defendants. | ) |

**MEMORANDUM OPINION AND ORDER**

Plaintiff filed a six-count complaint against Frank Zuccarelli, George Dammer, South Suburban College ("College"), and the Thornton Township Democratic Organization, alleging that she was terminated from her employment at the College because she refused to carry out political work that was unrelated to her job duties. Counts I and II seek damages against all defendants under 42 U.S.C. § 1983 for alleged violations of plaintiff's First Amendment Free Speech and Association rights, respectively. Count III asserts Monell claims against the College and Thornton Township Democratic Organization. Count IV asserts a free speech and association claim under Article 1, Section 2, of the Illinois Constitution against all defendants. Count V seeks declaratory relief against the College. Finally, Count VI is a state law wrongful termination claim against Zuccarelli, Dammer, and the College.

Defendants Zuccarelli, Dammer, and the College filed a motion to dismiss plaintiff's complaint. Defendants contend that the complaint's allegations are too vague and conclusory to give them notice of plaintiff's claim. Further, defendants contend that the alleged speech was not constitutionally protected because it pertains to plaintiff's private or personal interests rather than matters of public concern. Finally, defendants contend that Count V does not meet the legal

standards for a declaratory action.

Defendants contend that the allegations in plaintiff's complaint are too vague and conclusory to give notice of her claim, citing Kyle v. Morton High School, 144 F.3d 448, 454–56 (7th Cir. 1998). In Kyle, the 7th Circuit affirmed dismissal of the plaintiff's complaint where the plaintiff alleged that he had been fired for political reasons. 144 F.3d at 454. The 7th Circuit explained that the conclusory allegations offered by the plaintiff were insufficient to give notice of the claim, because the complaint did not indicate what speech the plaintiff was referring to, and that as a consequence, the defendants would be unable to even investigate the plaintiff's claim. Id. at 455. Here, by contrast, plaintiff has given sufficient details about the speech that she alleges caused defendants to retaliate against her. Plaintiff has even provided dates when some of these conversations allegedly occurred. The court finds that plaintiff's allegations are sufficient to put defendants on notice and enable defendants to investigate their veracity.

Second, defendants contend that the speech alleged by plaintiff would not be constitutionally protected in any event. In order to receive First Amendment protection, a public employee's speech must touch upon a matter of public concern. Hernandez v. Cook County Sheriff's Office, 634 F.3d 906, 915 (7th Cir. 2011). In this context, there are no hard and fast rules: instead, the court must determine whether a matter of public concern is involved by scrutinizing the "content, form, and context of a given statement. . . ." Wright v. Ill. Dept. of Children & Family Svcs., 40 F.3d 1492, 1501 (7th Cir. 1994) (quoting Connick v. Myers, 461 U.S. 138, 147-148 (1983)). The content of the speech is the most important factor, but the speaker's choice of forum and motivation can also be determinative. Id. Indeed, "[I]f the speech

concerns a subject of public interest but the particular statement or expression only impacts personally upon the employee, then as a matter of law, the speech is not of public concern." Id. (citations omitted).

On a motion to dismiss, the court construes a complaint in the light most favorable to the plaintiff, accepts all well-pleaded facts as true, and draws all inferences in her favor. Reynolds v. CB Sports Bar, Inc., 623 F.3d 1143, 1146 (7th Cir. 2010). The complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. Id.

Here, it is plausible that plaintiff's speech was constitutionally protected. Speech that concerns corruption or unethical conduct may be constitutionally protected. See, e.g., McDonough v. City of Chicago, 2010 WL 3894239 (N.D.Ill.) (City employee's reporting of political corruption was a matter of public concern). The complaint alleges that plaintiff "spoke out" to other College employees and to non-employees about defendants' alleged practice of forcing plaintiff and other College employees to perform political work. It is certainly plausible that this alleged speech involved a matter of public concern. Thus, while it is impossible at this stage of the proceedings to determine whether the speech was indeed constitutionally protected, plaintiff's complaint contains sufficient factual matter to state a plausible claim for relief, and so will not be dismissed.

Lastly, defendants contend that Count V of the complaint, which seeks declaratory relief fails to meet the requisite legal standards for granting such relief. Declaratory relief is appropriate where "the facts alleged, under all the circumstances, show that there is a substantial controversy, between

parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." MedImmune, Inc. v. Genentech, Inc., 549 U.S. 113, 127 (2007) (citing Maryland Casualty Co. v. Pacific Coal & Oil Co., 312 U.S. 270, 273 (1941)). A party seeking declaratory relief cannot rely on past injury to establish standing for a declaratory judgment; instead, the party must show a real and immediate threat of future injury. E.g. Deshawn E. ex rel. Charlotte E. v. Safir, 156 F.3d 340, 344 (2d Cir.1998); Boston v. City of Chicago, 1988 WL 31532 at *3 (N.D.Ill.). This is because the purpose of the Declaratory Judgement Act is "to avoid accrual of avoidable damages to one not certain of his rights and to afford him an early adjudication without waiting until his adversary should see fit to begin suit, after damage had accrued." Cunningham Bros. v. Bail, 407 F.2d 1165, 1167–68 (7th Cir. 1969). Plaintiff's only injury is in the past, and she has not shown a real and immediate threat of future injury to herself. She claims that defendants continue to infringe the rights of others, but plaintiff has brought suit only on her own behalf, and does not have standing to assert the constitutional rights of others. See, e.g. City of Los Angeles v. Lyons, 461 U.S. 95 (1983). Because plaintiff can show no substantial controversy of sufficient immediacy and reality to warrant the issuance of a declaratory judgment, the court will dismiss Count V of her complaint.

ORDERED: Defendants' motion to dismiss [18] is granted in part and denied in part, as stated herein. Count V of the complaint is dismissed; in all other respects the motion to is denied.

ENTER:

/s/ George W. Lindberg

GEORGE W. LINDBERG
Senior U.S. District Judge

10 C 7001

Dated: May 10, 2011